11234.  CLOVER LEAF CASUALTY CO. *et al. v.* NATIONAL LIFE
INSURANCE COMPANY.

BLOODWORTH, J.  1. When the charge of the court as given is considered
in its entirety and in connection with all the facts of the case, there
is no reversible error in any of the excerpts therefrom of which com-
plaint is made.

2. The requests to charge, so far as legal and pertinent, were covered by
the charge given.

3. The court did not err in admitting the evidence of which complaint is
made in the 8th ground of the motion for new trial.

4. There was evidence to support the verdict.

> *Judgment affirmed.  Broyles, C. J., and Luke, J., concur.*

DECIDED JUNE 15, 1920.

Action for damages; from Fulton superior court — Judge Bell.
October 25, 1919.

The National Life Insurance Company of the United States of
America sued the Clover Leaf Casualty Company, George W.
Cooper, and J. E. Ashley for damages, alleging that the defend-
ants conspired together to persuade and did persuade and cause
certain agents of the plaintiff to break their contracts of employ-
ment with the plaintiff and leave its service for the service of the
defendant company.  Ashley died and was stricken as a party de-
fendant.  The trial of the case resulted in a verdict against the
other defendants, their motion for a new trial was overruled, and
they excepted.

Paragraph 3 of the foregoing decision relates to testimony of
H. C. Ketterer as to certain conversations and transactions with
Ashley, to which the defendants objected on the grounds that the
conversations and transactions were solely between a deceased
agent of the defendant company and an agent of the plaintiff, and
that the statements made and advice given to Ashley by the
witness, who was an agent of the plaintiff, could not bind the
defendants, being made without their knowledge, and were preju-
dicial to the rights of the defendants and tended to mislead and
confuse the jury.  The witness stated that in these conversations
Ashley exhibited his contract of employment with the Clover Leaf
Casualty Company and told of his employing the agents and
"working on the men," and of the commissions to be paid, and
discussed methods of getting men away from the National Life
Insurance Company.

*Dorsey, Shelton & Dorsey, G. L. Bynum,* for plaintiffs in error. *Moore & Pomeroy,* contra.